IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-023-KDB-DCK

| | |
|---|---|
| KEON SCOTT, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| OCCUGUIDES USA, LLC, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Occuguides USA, LLC's Motion To Compel Discovery And For Sanctions" (Document No. 20) and "Plaintiff's Motion To Strike Defendants Reply In Support…" (Document No. 27). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will grant the "…Motion To Compel Discovery And For Sanctions" in part and deny the motion in part; and deny "Plaintiff's Motion To Strike Defendants Reply In Support…."

## BACKGROUND

Keon Scott ("Plaintiff" or "Scott") initiated this action with the filing of a "Complaint" on March 6, 2022. (Document No. 1). The Complaint asserts claims against Occuguides, USA, LLC ("Defendant" or "Occuguides") for: (1) retaliatory employment discrimination; (2) wrongful discharge in violation of North Carolina public policy; (3) vicarious liability; (4) negligent hiring, retention, and supervision; (5) unjust enrichment; and (6) breach of contract. (Document No. 1, pp. 4-8). Defendant's "Answer" was filed on March 30, 2022. (Document No. 3).

The Court issued a "Pretrial Order And Case Management Plan" on April 22, 2022. (Document No. 8). The "Pretrial Order…" includes the following deadlines: **discovery completion – January 20, 2023**; mediation – January 20, 2023; dispositive motions – February 10, 2023; and trial July 17, 2023.

On October 19, 2022, Plaintiff's counsel filed a "Motion To Withdraw As Counsel" (Document No. 11). Counsel sought to withdraw "due to ethical considerations." (Document No. 11, p. 1). The undersigned denied the motion pursuant to Local Rules 7.1(b) and 83.1(f). (Document No. 14). Counsel then filed an "Amended Motion To Withdraw As Counsel" (Document No. 15) on October 21, 2022.[1] The Court allowed the "Amended Motion To Withdraw…" and declined to appoint counsel for Plaintiff. (Document No. 19). *Pro se* Plaintiff was advised that he

> shall represent himself in this matter unless or until new counsel for Plaintiff files a Notice of Appearance. As such, Plaintiff must abide by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Orders issued in this litigation, and is expected to comply with the Court's deadlines.

(Document No. 19, p. 2).

On November 30, 2022, "Occuguides USA, LLC's Motion To Compel Discovery And For Sanctions" (Document No. 20) was filed with the Court. The motion has been fully briefed and is ripe for review and disposition. Also pending is "Plaintiff's Motion To Strike Defendants Reply In Support…" (Document No. 27) filed on January 6, 2023. Plaintiff's motion is not yet ripe; however, the undersigned finds that in the interests of judicial economy and efficient case management, a prompt Order on that motion is appropriate.

---

[1] The motions and briefing related to the motions to withdraw indicate that Plaintiff is incarcerated in the Mecklenburg County Detention Center; however, the undersigned has no knowledge of the circumstances underlying the incarceration or the expected length of Plaintiff's incarceration. See (Document Nos. 11, 15, 16, 17).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

A motion to strike pursuant to Fed.R.Civ.P. 12(f) allows that a court "[u]pon motion made by a party ... may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Buser v. Southern Food Serv., 73 F.Supp. 2d 556, 559 (M.D.N.C. 1999) (quoting Fed.R.Civ.P. 12(f)). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Id. (quoting Sidney–Vinstein v. A.H. Robins

Co., 697 F.2d 880, 885 (9th Cir.1983)) . But despite this beneficial purpose, such motions "are viewed with disfavor and are infrequently granted." Id. (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977)).

**DISCUSSION**

By the instant motion, Defendant seeks an order compelling *pro se* Plaintiff to provide complete discovery responses. (Document No. 20, p. 1). Defendant also seeks "reasonable attorney's fees incurred in making this Motion." (Document No. 20, p. 2).

Defendant asserts that Plaintiff's discovery responses have not been timely or complete. (Document No. 20-1, p. 1). Defendant also notes that the parties' efforts to resolve this issue without Court intervention "were not successful, in part, because Plaintiff is incarcerated and his counsel has withdrawn from the case." Id.

Following several delays and correspondence between counsel for the parties, Defendant acknowledges that "Plaintiff provided responses to Defendant's discovery on October 7, 2022."[2] (Document No. 20-1, p. 3) (citing Document Nos. 20-7 and 20-8). However, Defendant contends Plaintiff's responses are deficient and that Plaintiff has failed to supplement his responses or cure the alleged deficiencies. Id. See also (Document No. 20-9).

In response(s) to the pending motion to compel, *pro se* Plaintiff asserts that he provided timely responses to his then counsel and/or Defendant, and has answered what he can without the assistance of counsel. (Document No. 23; Document No. 24). Plaintiff further asserts that he wishes to settle this matter and seeks a conference with the Court. Id.

---

[2] *Pro se* Plaintiff also seems to have attempted to supplement his discovery responses along with his responses/letters related to the pending issues. See (Document No. 23, pp. 3-5; Document No. 24, pp. 3-4; Document No. 27-1, pp. 1-2). The undersigned notes that the "Pretrial Order…" directs that "Discovery materials are NOT to be filed." (Document No. 8, p. 5). Plaintiff should provide send discovery responses directly to Defendant's counsel.

In reply, Defendant argues that Plaintiff has conceded that his discovery responses are inadequate and that "because Plaintiff has been incarcerated since July 14, 2022, he alone is responsible for the discovery deficiencies and his incarceration makes further discovery untenable." (Document No. 25, p. 1). Defendant further notes that Plaintiff was incarcerated "[o]nly two days after Defendant served discovery on him" and "his discovery responses came due on or about August 12, 2022 and most probably before his attorneys even received those discovery requests." (Document No. 25, p. 3).

Defendant contends it is "unlikely to ever obtain adequate discovery responses to its legitimate and necessary requests" and therefore, dismissal of this action is justified. (Document No. 25, pp. 4-5).

*Pro se* Plaintiff filed a response (or surreply) to Defendant's reply on January 3, 2023.[3] (Document No. 26). Plaintiff re-asserts that the alleged discovery deficiencies are essentially his former counsel's responsibility and due to his incarceration. Id.

On January 6, 2023, Plaintiff filed the pending "…Motion To Strike Defendant's Reply…" (Document No. 27). The crux of the "…Motion To Strike…" is that Plaintiff disagrees with Defendant's arguments in the reply brief. Id. Plaintiff seeks an award of $300 against Defendants for attorney's fees, for himself. (Document No. 27, p. 5).

In short, the undersigned agrees that Plaintiff must supplement his discovery responses, if he has not already done so. One thing the parties agree on is that this litigation is complicated by Plaintiff's incarceration. However, to date, neither side has presented any constructive approach to that complication.

---

[3] "Surreplies are neither allowed nor anticipated by this Rule, but leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e).

The undersigned finds that Defendant's counsel should immediately update Plaintiff on any remaining alleged deficiencies in discovery production. Plaintiff, to the extent possible, shall supplement his discovery responses so that they are full and complete. If Plaintiff's former counsel retains discovery responses, copies of those responses should be promptly provided to Plaintiff.

To the extent Defendant seeks sanctions in the form of attorney's fees from the *pro se* incarcerated Plaintiff because his responses have been incomplete, the undersigned will respectfully decline to grant such relief at this time. Plaintiff is advised he must provide complete discovery responses and abide by the Orders and Rules of this Court, or sanctions may be granted at a later time.

Finally, the undersigned finds that Plaintiff's motion to strike and request for attorney's fees is without merit and should be denied.

**IT IS, THEREFORE, ORDERED** that "Occuguides USA, LLC's Motion To Compel Discovery And For Sanctions" (Document No. 20) is **GRANTED** as to compelling further discovery production and **DENIED WITHOUT PREJUDICE** as to sanctions.

**IT IS FURTHER ORDERED** that Defendant's counsel shall provide updated information to Plaintiff regarding the remaining discovery requests that Defendant needs and contends are incomplete, on or before **January 24, 2023**; Plaintiff shall provide supplemental discovery responses to Defendants on or before **February 10, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff's former counsel shall provide Plaintiff with copies of both submitted and draft discovery responses in this matter, and any other material in counsel's case file that Plaintiff is entitled to, on or before **January 24, 2023**.

**IT IS FURTHER ORDERED** that failure by Plaintiff to participate in discovery, or otherwise prosecute this action, *may* lead to sanctions that could include dismissal of this lawsuit.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Strike Defendants Reply In Support…" (Document No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that the case deadlines are extended as follows: discovery completion – **March 3, 2023**; mediation report – **March 15, 2023**; dispositive motions – **March 31, 2023**; trial - **September 18, 2023**.

<u>The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested. The Clerk of Court is further directed to provide copies of this Order to Plaintiff's former counsel.</u>

**SO ORDERED**.

Signed: January 18, 2023

David C. Keesler
United States Magistrate Judge